CLERK'S OFFICE
DISTRICT COURT E.D.N.Y.
★ MAR 03 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
OMAR VILLALBA and JOANNE VILLALBA,

      Plaintiffs,

- against -

ROBO BREAKING CO., INC., and NATIONAL
RAILROAD PASSENGER CORP., d/b/a AMTRAK,

      Defendants.
-----------------------------------------------------------------X

**NOTICE FOR REMOVAL**

**CV 11 - 1030**

**NO SUMMONS ISSUED**

DEARIE, CH. J

LEVY, M.J

  Defendant National Railroad Passenger Corporation a/k/a Amtrak ("Amtrak"), through its attorneys, Landman Corsi Ballaine & Ford P.C., respectfully states upon information and belief:

  1. On February 16, 2011, defendant received the Verified Complaint in this action which is currently pending in the Supreme Court of the State of New York, Queens County. A copy of the Verified Complaint is annexed hereto as Exhibit A. This constitutes all prior pleadings/orders served upon defendant to date.

  2. According to the Verified Complaint, on March 24, 2010, plaintiff Omar Villalba allegedly sustained personal injuries, as a result of a fall at 1st Avenue and 33rd Street Amtrak Ventilation Shaft, located in County of New York, City and State of New York, allegedly owned and maintained by Amtrak.

  3. Amtrak is removing this action because defendant Amtrak was created by an Act of Congress, 49 U.S.C. § 24101, et seq., and more than one-half its capital stock is owned by the United States. Thus, the above-described action is a civil action of which this Court has original jurisdiction under the provisions of Title 28, U.S.C. §§ 1331 and 1349 and is one which may be removed to this Court by the defendant Amtrak therein, pursuant to the provisions of Title 28, U.S.C. § 1441.

.::ODMA/PCDOCS/DOCSNY/514092/1

4. Defendant Robo Breaking Co., Inc. consents and joins in this removal. (See Exhibit B).

WHEREFORE, defendant Amtrak prays that the action now pending against it in the Supreme Court of the State of New York in and for the County of Queens be removed therefrom to this Court.

Dated:  New York, New York
        March 3, 2011

Respectfully submitted,

LANDMAN CORSI BALLAINE & FORD P.C.

By: _____
Ronald E. Joseph (RJ9302)
Attorneys for Defendant Amtrak
120 Broadway, 27th Floor
New York, New York 10271-0079
(212) 238-4800

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
----------------------------------------X
OMAR VILLALBA and JOANNE VILLALBA         Index No.: 136/11

              Plaintiff,
                                                 SUMMONS AND
     -against-                              VERIFIED COMPLAINT

ROBO BREAKING CO., INC., and NATIONAL
RAILROAD PASSENGER CORP., d/b/a
AMTRAK,
              Defendant(s).
----------------------------------------X

   PLAINTIFFS DESIGNATE QUEENS COUNTY AS PLACE OF TRIAL
     BASIS OF VENUE IS PLAINTIFF'S RESIDENCE

   YOU ARE HEREBY SUMMONED to answer the Complaint in this action by serving your answer on plaintiffs' attorneys within 20 days after service of this summons, exclusive of the day of service, or within 30 days after service is complete if this summons is not personally delivered to you within the State of New York.

   PLEASE TAKE FURTHER NOTICE that in case of your failure to answer or appear, Judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: Long Island City, New York
      December 9, 2010

**PLAINTIFFS' ADDRESS:**
OMAR VILLALBA & JOANNE VILLALBA
59-27 Maspeth Avenue
Maspeth, New York 11378

**DEFENDANT'S ADDRESS:**
ROBO BREAKING CO., INC.     NATIONAL RAILROAD
52-54 Beech Street            PASSENGER CORPORATION
Port Chester, New York 10573  60 Massachusette Avenue N.E.
                                  Washington D.C. 20002

***KINDLY FORWARD THESE PAPERS TO YOUR INSURANCE CARRIER IN
           ORDER TO PROTECT YOUR RIGHTS***

                            Yours, etc.,
                            CONSTANTINIDIS & ASSOCIATES, P.C.
**RECEIVED**            By: _____
Amtrak Law Department         GUS J. CONSTANTINIDIS, ESQ.
                            Attorneys for Plaintiff(s)
FEB 16 2011                35-01 30th Avenue - Suite 200
                            Long Island City, NY 11103
**GHAZAL PARSA**             (718) 204-1500
MANAGER, LEGAL SUPPORT

Stamps: RECEIVED Amtrak — ELEANOR D. ACHESON, VICE PRESIDENT, GENERAL COUNSEL AND CORPORATE SECRETARY; QUEENS COUNTY CLERK RECEIVED 2011 JAN -4 AM 9:24; RECEIVED AMTRAK CLAIMS FEB 18 2011 BJ Fitzpatrick NY, NY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
----------------------------------------X     Index No.:_____
OMAR VILLALBA and JOANNE VILLALBA
     Plaintiff,    VERIFIED COMPLAINT

    -against-

ROBO BREAKING CO., INC., and NATIONAL
RAILROAD PASSENGER CORP., d/b/a
AMTRAK,
     Defendant(s).
----------------------------------------X

  Plaintiff(s), OMAR VILLALBA & JOANNE VILLALBA, through their attorneys, CONSTANTINIDIS & ASSOCIATES, P.C., complaining of the defendants, ROBO BREAKING CO., INC.,(hereinafter referred to as "ROBO"), and NATIONAL RAILROAD PASSENGER CORP., d/b/a AMTRAK, (hereinafter referred to as "AMTRAK"), upon information and belief, sets forth and alleges as follows:

  1. At all times hereinafter mentioned, plaintiffs, OMAR VILLALBA and JOANNE VILLALBA were and continue to be residents of the County of Queens, City and State of New York.

  2. At all times hereinafter mentioned, defendant, ROBO, was and is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

  3. At all times hereinafter mentioned, defendant, ROBO, was and is a foreign corporation transacting and/or doing and/or conducting and/or soliciting business within the State of New York.

  4. At all times hereinafter mentioned, defendant, ROBO, was and is a limited liability company transacting and/or doing and/or conducting and/or soliciting business within the State of New York.

  5. At all times hereinafter mentioned, defendant, ROBO, was

and is a partnership transacting and/or doing and/or conducting and/or soliciting business within the State of New York.

6. At all times hereinafter mentioned, defendant, ROBO, was and is a business enterprise transacting and/or doing and/or conducting and/or soliciting business within the State of New York.

7. At all times hereinafter mentioned, defendant, ROBO, was and is a business entity subject to the jurisdiction of the courts of the State of New York.

8. At all times herein mentioned, defendant, AMTRAK, was and is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. At all times herein mentioned, defendant, AMTRAK, was and still is a foreign corporation authorized to do business and/or transacting and/or conducting and/or soliciting business within the State of New York.

10. At all times hereinafter mentioned, defendant, AMTRAK, was and is a partnership transacting and/or doing and/or conducting and/or soliciting business within the State of New York.

11. At all times hereinafter mentioned, defendant, AMTRAK, was and is a business enterprise transacting and/or doing and/or conducting and/or soliciting business within the State of New York.

12. At all times hereinafter mentioned, defendant, AMTRAK, was and is a business entity subject to the jurisdiction of the courts of the State of New York.

13. At all times herein mentioned, defendant, AMTRAK, was and still is a joint venture duly organized and existing under and by virtue of the laws of the State of New York and doing business in

the State of New York.

14. At all times herein mentioned, defendant, AMTRAK, was and continues to be a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

15. At all times herein mentioned, defendant, AMTRAK, was and continues to be a corporation duly organized and exiting under and by virtue of the laws of Washington, District of Columbia

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, OMAR VILLALBA

16. Plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1-15" hereinabove with the same force and effect as if more fully set forth at length herein.

17. That on or about March 24, 2010, and at all times herein mentioned, defendant, AMTRAK was the owner, lessor, and/or lessee of certain railroad tracks and appurtenances thereto known as the 1st Avenue and 33rd Street Amtrak Ventilation Shaft, located thereat in the County of New York, City and State of New York.

18. That on or about March 24, 2010, and at all times herein mentioned, defendant AMTRAK, constructed, renovated, rehabilitated, operated, managed, maintained, controlled, supervised, inspected and/or repaired the aforesaid 1st Avenue and 33rd Street Amtrak Ventilation Shaft, located thereat in the County of New York, City and State of New York.

19. That prior to and/or on or about March 24, 2010, and at all times herein mentioned, defendant, AMTRAK, entered into an agreement with and hired and/or retained, defendant, ROBO, to perform construction, demolition, modernization, rehabilitation

work, labor and/or services upon the aforesaid premises known as the 1st Avenue and 33rd Street Amtrak Ventilation Shaft, located thereat in the County of New York, City and State of New York.

20. That upon information and belief, prior to and/or on or about March 24, 2010, and at all times herein mentioned, defendant, AMTRAK, entered into an agreement with and hired and/or retained, SKANSKA, U.S.A., to serve as General Contractor and to oversee, supervise, direct and/or control all of the construction, demolition, modernization, rehabilitation work, labor and/or services performed upon the aforesaid premises known as the 1st Avenue and 33rd Street Amtrak Ventilation Shaft, located thereat in the County of New York, City and State of New York.

21. That upon information and belief, prior to and/or on or about March 24, 2010, and at all times herein mentioned, SKANSKA, U.S.A., entered into an agreement with and hired and/or retained ROBO, to perform labor and/or services at aforesaid premises known as the 1st Avenue and 33rd Street Amtrak Ventilation Shaft, located thereat in the County of New York, City and State of New York.

22. That on or about March 24, 2010, plaintiff, OMAR VILLALBA, was an employee of SKANSKA U.S.A., and was acting during and within the course and scope of his employment at the aforesaid premises known as the 1st Avenue and 33rd Street Amtrak Ventilation Shaft, located thereat in the County of New York, City and State of New York.

23. That on or about March 24, 2010, and at all times herein mentioned, the aforesaid premises known as the 1st Avenue and

33rd Street Amtrak Ventilation Shaft, in the County of New York, City and State of New York were undergoing construction, renovation and/or rehabilitation.

24. That on or about March 24, 2010, and at all times herein mentioned, defendants, AMTRAK and ROBO, their agents, servants, employees and/or assigns, managed, maintained, controlled, performed, directed, scheduled, supervised and/or inspected all of the construction, demolition, modernization, repair and/or rehabilitation work being performed upon the aforesaid premises.

25. That on or about March 24, 2010 plaintiff, OMAR VILLALBA, was lawfully performing his skill and labor at the construction, renovation and/or rehabilitation site at the aforesaid premises known as the 1st Avenue and 33rd Street Amtrak Ventilation Shaft, in the County of New York, City and State of New York, while an employee of SKANSKA U.S.A., and was specifically directed to work upon a scaffold/platform 60 feet below the sidewalk level and approximately 25 feet above defendant, AMTRAKS' railroad tracks running in the tunnels below.

26. That on or about March 24, 2010, the aforesaid construction, renovation and/or rehabilitation site at the aforesaid premises was in a dangerous, hazardous and otherwise unsafe condition.

27. That on or about March 24, 2010, said construction, renovation and/or rehabilitation site at the aforesaid premises was in a dangerous, hazardous and otherwise unsafe condition solely due to the negligence, recklessness and/or carelessness of the named defendants, AMTRAK and ROBO, herein.

28. That at all times herein mentioned, defendant, AMTRAK, its servants, agents and/or employees, had a non-delegable duty to provide plaintiff, OMAR VILLALBA with a safe place to work and to use reasonable care and diligence in the management, ownership, maintenance, operation, control, direction, supervision, inspection and/or repair of the aforesaid premises and of any conditions existing thereat while construction, demolition, modernization, repair and/or rehabilitation work was being performed at the aforesaid premises and at all times to keep said premises in a properly safe condition.

29. That at all times herein mentioned, defendant, ROBO, its servants, agents and/or employees, had a non-delegable duty to provide plaintiff, OMAR VILLALBA with a safe place to work and to use reasonable care and diligence in the management, ownership, maintenance, operation, control, direction, supervision inspection and/or repair of the aforesaid premises and of any conditions existing thereat while construction, demolition, modernization, repair and/or rehabilitation work was being performed at the aforesaid premises and at all times to keep said premises in a properly safe condition.

30. That on or about March 24, 2010, and at all times herein mentioned, plaintiff, OMAR VILLALBA, was caused to sustain serious personal and bodily injuries at the aforesaid construction, renovation and/or rehabilitation site when he was caused to fall through a hole while working upon said elevated platform/scaffold at the construction site, while performing his labor and services for SKANSKA U.S.A., a business entity other than the defendants,

AMTRAK and ROBO.

31. That on or about March 24, 2010, plaintiff, OMAR VILLALBA, was caused to be injured while performing his labor and skill on an elevated platform/scaffold and to sustain serious personal bodily injury at said construction, renovation and/or rehabilitation site solely due to the negligence, recklessness and/or carelessness of the named defendants, AMTRAK and ROBO, herein.

32. By reason of the foregoing, plaintiff, OMAR VILLALBA has suffered damages and the damages in this action exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION

33. Plaintiff, OMAR VILLALBA, repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through and including "32" herein-above with the same force and effect as if more fully set forth at length herein.

34. That on or about March 24, 2010, plaintiff, OMAR VILLALBA, was directed to work and perform his skill, labor and services at the aforesaid construction, renovation and/or rehabilitation site by an agent, servant, employee and/or assign of the defendants, AMTRAK and/or ROBO.

35. That on or about March 24, 2010, and at all times herein mentioned, defendants, AMTRAK and/or ROBO, failed to provide the plaintiff, OMAR VILLALBA, with proper and adequate protection and equipment, safety devices, railings, scaffolding, planking, harness, belts, ties, nets and the like while he performed his skill, labor and services upon said elevated platform/scaffold at

the aforesaid premises known as the 1st Avenue and 33rd Street Amtrak Ventilation Shaft, located in the County of New York, City and State of New York.

36. That on or about March 24, 2010 and at all times herein mentioned, defendants, AMTRAK and/or ROBO failed to adequately and properly operate, manage, control, maintain, supervise, oversee, inspect, repair, construct, protect and/or safe-guard the aforesaid construction, renovation and/or rehabilitation site, specifically the aforesaid elevated platform/scaffold area approximately 60 feet below the street level and 25 feet above the defendant, AMTRAK's railroad tracks located at the aforesaid premises and to protect the laborers working thereat, specifically the plaintiff herein.

37. That on or about March 24, 2010, and at all times herein mentioned, it was the non-delegable duty of the defendants, AMTRAK and/or ROBO, to adequately and properly operate, manage, control, maintain, supervise, oversee, inspect, repair, construct, protect and/or safe-guard the aforesaid construction, renovation and/or rehabilitation site, specifically the aforesaid elevated platform/scaffold area approximately 60 feet below the street level and 25 feet above the defendant, AMTRAK's railroad tracks located at the aforesaid premises and to protect the laborers working thereat, specifically the plaintiff herein.

38. That on or about March 24, 2010 and at all times herein mentioned, defendants, AMTRAK and/or ROBO and/or their agents, servants, licensees, permittees and/or employees were negligent, careless and reckless including but not limited to, in the ownership, maintenance, management, control, direction,

supervision, inspection, protection and/or repair of the aforesaid premises; in failing to provide plaintiff, OMAR VILLALBA, with a safe place to work; in failing to provide adequate safety devices or other protective means to prevent the occurrence which was reasonably foreseeable under the circumstances; in carelessly, recklessly and negligently creating a hazard endangering the life and limb of the plaintiff and others lawfully on the premises, specifically the plaintiff OMAR VILLALBA, herein; in failing to provide plaintiff with a properly erected scaffold/platform in order to allow the plaintiff to adequately and safely perform his height related duties and to protect plaintiff from falling; in failing to warn the plaintiff herein of the existence of a defective or inadequate platform/scaffold system; in failing to adequately and properly secure the plaintiff while performing his work related activities at an elevated level; in failing to provide the plaintiff with scaffolding, harnesses, ropes, hoists, stays, ladders, slings, hangars, blocks, pulleys, braces, irons, ropes, belts and/or ties and other devices to be so constructed, placed and operated to give proper protection in order to secure the plaintiff and to prevent plaintiff's fall while performing his duties at an elevated height; in causing and permitting the premises to be, become and remain in an unsafe, improper and dangerous condition; in failing to exercise that degree of care which is reasonably prudent under the circumstances; in failing to recognize the danger in permitting certain equipment to be operated on the platform/scaffold; in the ownership, operation, management, maintenance, control, supervision, inspection and/or repair of the

aforesaid platform/scaffold; in causing, allowing and permitting said platform/scaffold at the place above mentioned to be, become and remain for a period of time after notice, either actual or constructive, in a dangerous and/or hazardous condition; in causing, allowing and permitting a trap to exist at said location; in causing, allowing and permitting the platform/scaffold existing at said location to exist in a defective, dangerous, uneven, and hazardous condition, in causing, allowing and permitting the platform/scaffold existing at said location to be in a defective, dangerous, cracked, raised, uneven condition, hole-like condition constituting a tripping hazard and/or trap, in failing to maintain the aforesaid platform/scaffold in a reasonably safe and proper condition; in causing, allowing and permitting an obstruction to plaintiff's safe passage at said location; in causing, allowing, and permitting the existence of a defective, dangerous, cracked depressed and uneven portion of the platform/scaffold at the aforesaid premises to interfere with and prevent plaintiff's safe passage; in causing, allowing and permitting the existence of a condition which constituted a trap, nuisance, menace and danger to persons lawfully at the aforesaid location; in failing to have taken necessary steps and measures to have prevented the above mentioned location from being used while in said dangerous condition; in failing to give plaintiff adequate and timely signal, notice or warning of said condition; in negligently and carelessly causing and permitting the above said platform/scaffold and to be and remain in said condition for an unreasonable length of time, resulting in a hazard to the plaintiff and others; in failing to

take suitable and proper precautions for the safety of persons on and using said premises; and in being otherwise negligent and careless in failing to comply with those statutes, ordinances, rules and regulations applicable to said situation; in violation of New York State Labor Law Sections including but not limited to Sections, 200, 240 and 241(6), §12NYCRR 23, the Board of Standards and Appeals, the Administrative Code of the City of New York and OSHA rules.

39. By reason of the foregoing, plaintiff, OMAR VILLALBA, was caused to sustain serious bodily injury at the construction, renovation and/or rehabilitation site as stated herein-above while at the aforesaid premises known as the 1st Avenue and 33rd Street Amtrak Ventilation Shaft, located in the County of New York, City and State of New York solely and proximately by reason of the negligence, recklessness and culpability of the defendants, AMTRAK and/or ROBO, herein their agents, servants, employees and/or assigns.

40. By reason of the foregoing, plaintiff, OMAR VILLALBA, has suffered damages and the damages in this action exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A THIRD CAUSE OF ACTION

41. Plaintiff, OMAR VILLALBA, repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through and including "40" herein-above with the same force and effect as if more fully set forth at length herein.

42. That on or about March 24, 2010 and at all times herein

mentioned, defendants, AMTRAK and/or ROBO, failed to provide the plaintiff, OMAR VILLALBA, with the necessary, adequate and properly working safety equipment, including but not limited to a properly constructed platform/scaffold in order for him to safely perform his labor and employment duties at the aforesaid premises.

43. That on or about March 24, 2010 and at all times herein mentioned, defendants, AMTRAK and/or ROBO, failed to provide the plaintiff, OMAR VILLALBA, with the necessary, adequate and properly working safety securing devices including but not limited to scaffolding, platform, planking, harnesses, ropes, hoists, stays, ladders, slings, hangars, blocks, pulleys, braces, irons, ropes, belts and/ or ties and other devices to be so constructed, placed and operated to give proper protection to the plaintiff herein in order for him to safely perform his labor and height related duties at an elevated height at the aforesaid
premises.

44. That on or about March 24, 2010 and at all times herein mentioned, defendants' AMTRAK and/or ROBO'S, failure to provide the plaintiff, OMAR VILLALBA with the aforesaid proper and adequate safety equipment, was a proximate cause of the incident involving the plaintiff herein and the serious personal bodily injuries he sustained.

45. By reason of the foregoing, plaintiff, OMAR VILLALBA, was caused to sustain serious bodily injury at the construction, renovation and/or rehabilitation site located at the aforesaid premises known as the 1st Avenue and 33rd Street Amtrak Ventilation Shaft, in the County of New York, City and State of New York.

46. By reason of the foregoing, plaintiff, OMAR VILLALBA has suffered damages and the damages in this action exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A FOURTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF, JOANNE VILLALBA

47. Plaintiffs, repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "46" herein-above, with the same force and effect as if more fully set forth at length herein.

48. At all times hereinafter mentioned, plaintiff, JOANNE VILLALBA was and still is the wife and legal spouse of the plaintiff, OMAR VILLALBA.

49. At all times hereinafter mentioned, plaintiff, JOANNE VILLALBA, was and continues to be entitled to the comfort, enjoyment, society, consortium, services and support of the plaintiff, OMAR VILLALBA.

50. By virtue of the foregoing, plaintiff, JOANNE VILLALBA has been and will continue to be deprived of the comfort, enjoyment, society, consortium, services and support of her lawful spouse, plaintiff, OMAR VILLALBA.

51. By virtue of the foregoing, plaintiff, JOANNE VILLALBA, has suffered damages and the damages in this action exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, plaintiff(s), OMAR VILLALBA and JOANNE VILLALBA, demands judgment against the defendants, AMTRAK and ROBO, on the

first cause of action, the second cause of action, the third cause of action and the fourth cause of action, in an amount that each exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction together with interest, costs and disbursements of this action.

Dated: Long Island City, New York
       December 9, 2010

                                     Very truly yours,
                                     CONSTANTINIDIS & ASSOCIATES, P.C.

By: _____
    GUS J. CONSTANTINIDIS, ESQ.
    Attorney(s) for Plaintiff(s)
    35-01 30th Avenue-Suite 200
    Long Island City, New York 11103
    (718) 204-1500

VERIFICATION

STATE OF NEW YORK)
                 : ss.:
COUNTY OF QUEENS )

   OMAR VILLALBA being duly sworn, deposes and says:

   Deponent is the plaintiff in the within action, that deponent has read the foregoing SUMMONS & VERIFIED COMPLAINT and knows the contents thereof; the same is true to deponent's own knowledge except to matters therein stated to be alleged on information and belief, and as to those matters deponent believes it to be true. The grounds of deponent's belief as to all matters are based upon deponent's personal knowledge.

                                    _____
                                    OMAR VILLALBA

Sworn to before me this 9TH
day of December, 2010.

_____
KATHY P. LIOSIS
Notary Public, State of New York
Qualified in Queens County
No. 01LI5052694
Commission Expires Dec 4, 2013

Index No.
Year
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

OMAR VILLALBA and JOANNE VILLALBA

Plaintiff(s),

- against -

ROBO BREAKING CO., INC., and
NATIONAL RAILROAD PASSENGER CORP.,
d/b/a AMTRAK,

Defendant(s).

## SUMMONS AND VERIFIED COMPLAINT

Signature (Rule 130-1.1-a)

Print name beneath
GUS J. CONSTANTINIDIS, ESQ.

CONSTANTINIDIS & ASSOCIATES, P.C.
Attorney for Plaintiff(s)

Office and Post Office Address, Telephone
35-01 30TH AVENUE, SUITE 200
LONG ISLAND CITY, NEW YORK 11103
(718) 204-1500

To

Attorney(s) for

Service of a copy of the within is hereby admitted.
Dated

Attorney(s) for

1800 — BlumbergExcelsior Inc, NYC 10013

---

**NOTICE OF ENTRY**

PLEASE take notice that the within is a *(certified)* true copy of a duly entered in the office of the clerk of the within named court on

Dated,
Yours, etc.
CONSTANTINIDIS & ASSOCIATES, P.C.
*Attorney for*

*Office and Post Office Address*
35-01 30TH AVENUE, SUITE 200
LONG ISLAND CITY, NEW YORK 11103

To

Attorney(s) for

**NOTICE OF SETTLEMENT**

PLEASE take notice that an order

of which the within is a true copy will be presented for settlement to the Hon.

one of the judges of the within named Court, at

on
at                    M.
Dated,
Yours, etc.
CONSTANTINIDIS & ASSOCIATES, P.C.
*Attorney for*

*Office and Post Office Address*
35-01 30TH AVENUE, SUITE 200
LONG ISLAND CITY, NEW YORK 11103

To

Attorney(s) for

---

LAW OFFICES OF
CONSTANTINIDIS & ASSOCIATES, P.C.
35-01-30TH AVENUE, SUITE 200
LONG ISLAND CITY, NEW YORK 11103

# LANDMAN CORSI BALLAINE & FORD P.C.

A NEW YORK PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

RONALD E. JOSEPH
MEMBER

TEL: (212) 238-4800
EMAIL: rjoseph@lcbf.com

120 BROADWAY
27TH FLOOR
NEW YORK, NY 10271-0079
TELEPHONE (212) 238-4800
FACSIMILE (212) 238-4848
www.lcbf.com

One Gateway Center
Newark, NJ 07102
Tel: (973) 623-2700

1617 JFK Boulevard
Philadelphia, PA 19103
Tel: (215) 561-8540

February 22, 2011

Mark Yagerman, Esq.
Smith Mazure Director Wilkins
Young & Yagerman PC
111 John Street, 20th Floor
New York, NY 10038-3198

Re: Villalba et al v. Robo-Breaking Co., Inc.
Your Client: Robo-Breaking Co., Inc.
Our Client: Amtrak
Your File No.: EAS-00121/RPS

Dear Mr. Yagerman:

This will confirm our telephone conversation of February 22, 2011. During that conversation I advised you that we represent Amtrak in this matter, and you consented to allow us to remove this case to the United States District Court for the Eastern District of New York.

Very truly yours,

Ronald E. Joseph

.::ODMA/PCDOCS/DOCSNY/513948/1