LAW OFFICES OF
CONSTANTINIDIS & ASSOCIATES, P.C.
35-01 30TH AVENUE, SUITE 200
LONG ISLAND CITY, NEW YORK 11103

═══ NOTICE OF ENTRY ═══

PLEASE take notice that the within is a (certified) true copy of a duly entered in the office of the clerk of the within named court on

Dated,

Yours, etc.

CONSTANTINIDIS & ASSOCIATES, P.C.

*Attorney for*
*Office and Post Office Address*
35-01 30TH AVENUE, SUITE 200
LONG ISLAND CITY, NEW YORK 11103

To

Attorney(s) for

═══ NOTICE OF SETTLEMENT ═══

PLEASE take notice that an order of which the within is a true copy will be presented for settlement to the Hon. 
one of the judges of the within named Court, at
on
at M.
Dated,

Yours, etc.

CONSTANTINIDIS & ASSOCIATES, P.C.

*Attorney for*
*Office and Post Office Address*
35-01 30TH AVENUE, SUITE 200
LONG ISLAND CITY, NEW YORK 11103

To

Attorney(s) for

---

Docket No.: 11 CV 01030 (RJD)
Index No.:                    Year

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

OMAR VILLALBA and JOANNE VILLALBA,

                    Plaintiff(s),

- against -

ROBO BREAKING CO., INC. and NATIONAL RAILROAD PASSENGER CORP. d/b/a AMTRAK

                    Defendant(s).

AMENDED SUMMONS AND VERIFIED COMPLAINT

Signature (Rule 130-1.1-a)
Print name beneath
GUS J. CONSTANTINIDIS, ESQ.

CONSTANTINIDIS & ASSOCIATES, P.C.

*Attorney for* Plaintiff(s)
*Office and Post Office Address, Telephone*
35-01 30TH AVENUE, SUITE 200
LONG ISLAND CITY, NEW YORK 11103
(718) 204-1500

To

Attorney(s) for

Service of a copy of the within is hereby admitted.
Dated

Attorney(s) for

1500 — Blumberg Excelsior Inc., NYC 10013

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NEW YORK

OMAR VILLALBA and JOANNE VILLALBA )
                              Plaintiff )
                               v. )  Civil Action No. 11-1030
ROBO-BREAKING CO., INC., NATIONAL )
RAILROAD PASSENGER CORP.,and AECOM USA, )
                             Defendant )

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* AECOM USA, INC., f/k/a DMJM+HARRIS INC.
605 Third Avenue
New York, New York 10158
(212) 973-2900

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   CONSTANTINIDIS & ASSOCIATES, P.C.
35-01 30th Avenue - Suite 200
Long Island City, New York 11103
(718) 204-1500

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

                                                                      CLERK OF COURT

Date: _____04/13/2011_____  .                                    /s/
                                                                     *Signature of Clerk or Deputy Clerk*

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
OMAR VILLALBA and JOANNE VILLALBA              Civil Action No.:
                                               CV-11-1030
                    Plaintiff,
                                               AMENDED SUMMONS AND
         -against-                             VERIFIED COMPLAINT

ROBO-BREAKING CO., INC., NATIONAL
RAILROAD PASSENGER CORP., d/b/a                PLAINTIFF DEMANDS
AMTRAK, and AECOM USA, INC., f/k/a              TRIAL BY JURY
DMJM+HARRIS, INC.,
                                               Assigned to Justices
                    Defendant(s).              Dearie and Levy
-------------------------------------X
```

Plaintiff(s), OMAR VILLALBA & JOANNE VILLALBA, through their attorneys, CONSTANTINIDIS & ASSOCIATES, P.C., complaining of the defendants, ROBO-BREAKING CO., INC.,(hereinafter referred to as "ROBO, NATIONAL RAILROAD PASSENGER CORP., d/b/a AMTRAK, (hereinafter referred to as "AMTRAK") and AECOM USA, INC., f/k/a DMJM+HARRIS, INC., (hereinafter referred to as "AECOM"), upon information and belief, sets forth and alleges as follows:

## PARTIES

1. At all times hereinafter mentioned, plaintiffs, OMAR VILLALBA and JOANNE VILLALBA were and continue to be residents of the County of Queens, City and State of New York.

2. At all times hereinafter mentioned, defendant, ROBO, was and is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

3. At all times hereinafter mentioned, defendant, ROBO, was and is a foreign corporation transacting and/or doing and/or conducting and/or soliciting business within the State of New York.

4. At all times hereinafter mentioned, defendant, ROBO, was

and is a limited liability company transacting and/or doing and/or conducting and/or soliciting business within the State of New York.

5. At all times hereinafter mentioned, defendant, ROBO, was and is a partnership transacting and/or doing and/or conducting and/or soliciting business within the State of New York.

6. At all times hereinafter mentioned, defendant, ROBO, was and is a business enterprise transacting and/or doing and/or conducting and/or soliciting business within the State of New York.

7. At all times hereinafter mentioned, defendant, ROBO, was and is a business entity subject to the jurisdiction of the courts of the State of New York.

8. At all times herein mentioned, defendant, AMTRAK, was and is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. At all times herein mentioned, defendant, AMTRAK, was and still is a foreign corporation authorized to do business and/or transacting and/or conducting and/or soliciting business within the State of New York.

10. At all times hereinafter mentioned, defendant, AMTRAK, was and is a partnership transacting and/or doing and/or conducting and/or soliciting business within the State of New York.

11. At all times hereinafter mentioned, defendant, AMTRAK, was and is a business enterprise transacting and/or doing and/or conducting and/or soliciting business within the State of New York.

12. At all times hereinafter mentioned, defendant, AMTRAK, was and is a business entity subject to the jurisdiction of the courts of the State of New York.

13. At all times herein mentioned, defendant, AMTRAK, was and still is a joint venture duly organized and existing under and by virtue of the laws of the State of New York and doing business in the state of New York.

14. At all times herein mentioned, defendant, AMTRAK, was and continues to be a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

15. At all times herein mentioned, defendant, AMTRAK, was and continues to be a business entity created by an Act of Congress, 49 U.S.C. Section 24011, et seq., with more than one-half of its capital stock owned by the United States and duly organized and exiting under and by virtue of the laws of Washington, District of Columbia.

16. At all times hereinafter mentioned, defendant, AECOM USA, INC., f/k/a DMJM+HARRIS INC., (hereinafter referred to as "AECOM") was and is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

17. At all times hereinafter mentioned, defendant, AECOM, was and is a foreign corporation transacting and/or doing and/or conducting and/or soliciting business within the State of New York.

18. At all times hereinafter mentioned, defendant, AECOM, was and is a limited liability company transacting and/or doing and/or conducting and/or soliciting business within the State of New York.

19. At all times hereinafter mentioned, defendant, AECOM, was and is a partnership transacting and/or doing and/or conducting and/or soliciting business within the State of New York.

20. At all times hereinafter mentioned, defendant, AECOM, was

and is a business enterprise transacting and/or doing and/or conducting and/or soliciting business within the State of New York.

21. At all times hereinafter mentioned, defendant, AECOM, was and is a business entity subject to the jurisdiction of the courts of the State of New York.

## JURISDICTION

22. Although this action was originally commenced in the Supreme Court of the State of New York in and for the County of Queens on January 4, 2011, this action was removed to this Court by defendant, AMTRAK, pursuant to Title 28 U.S.C. Section 1441 since this Court has original jurisdiction over this civil action pursuant to Title 28, U.S.C. Sections 1331 and 1349.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, OMAR VILLALBA

23. Plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1-22" hereinabove with the same force and effect as if more fully set forth at length herein.

24. That on or about March 24, 2010, and at all times herein mentioned, defendant, AMTRAK was the owner, lessor, and/or lessee of certain railroad tracks, ventilation shafts and appurtenances thereto known as 1st Avenue and 33rd Street Amtrak Ventilation Shaft, located thereat in the County of New York, City and State of New York.

25. That on or about March 24, 2010, and at all times herein

mentioned, defendant AMTRAK, constructed, renovated, rehabilitated, operated, managed, maintained, controlled, supervised, inspected and/or repaired the aforesaid 1st Avenue and 33rd Street Amtrak Ventilation Shaft, located thereat in the County of New York, City and State of New York.

26. That prior to and/or on or about March 24, 2010, and at all times herein mentioned, defendant, AMTRAK, entered into an agreement with and hired and/or retained, defendant, ROBO, to perform construction, demolition, modernization, rehabilitation work, labor and/or services upon the aforesaid premises known as the 1st Avenue and 33rd Street Amtrak Ventilation Shaft, located thereat in the County of New York, City and State of New York.

27. That upon information and belief, prior to and/or on or about March 24, 2010, and at all times herein mentioned, defendant, AMTRAK, entered into an agreement with and hired and/or retained, SKANSKA, U.S.A., to serve as General Contractor and to oversee, supervise, direct and/or control all of the construction, demolition, modernization, rehabilitation work, labor and/or services performed upon the aforesaid premises known as the 1st Avenue and 33rd Street Amtrak Ventilation Shaft, located thereat in the County of New York, City and State of New York.

28. That upon information and belief, prior to and/or on or about March 24, 2010, and at all times herein mentioned, defendant, AMTRAK, entered into an agreement with and hired and/or retained, AECOM, to serve as General Contractor and/or as a Construction Manager and to oversee, supervise, direct and/or control all of the construction, demolition, modernization, rehabilitation work, labor

and/or services performed upon the aforesaid premises known as the 1st Avenue and 33rd Street Amtrak Ventilation Shaft, located thereat in the County of New York, City and State of New York.

29. That upon information and belief, prior to and/or on or about March 24, 2010, and at all times herein mentioned, defendant, SKANSKA, U.S.A., entered into an agreement with and hired and/or retained, AECOM, to serve as General Contractor and/or as a Construction Manager and/or Project Manager and/or as an Engineering Consultant to oversee, supervise, direct, inspect and/or control all of the construction, demolition, modernization, rehabilitation work, labor and/or services performed upon the aforesaid premises known as the 1st Avenue and 33rd Street Amtrak Ventilation Shaft, located thereat in the County of New York, City and State of New York.

30. That upon information and belief, prior to and/or on or about March 24, 2010, and at all times herein mentioned, defendant SKANSKA, U.S.A., entered into an agreement with and hired and/or retained ROBO, to furnish equipment, materials and to perform labor and/or services at the aforesaid premises known as the 1st Avenue and 33rd Street Amtrak Ventilation Shaft, located thereat in the County of New York, City and State of New York.

31. That on or about March 24, 2010, plaintiff, OMAR VILLALBA, was an employee of SKANSKA U.S.A., and was acting during and within the course and scope of his employment at the aforesaid premises known as the 1st Avenue and 33rd Street Amtrak Ventilation Shaft, located thereat in the County of New York, City and State of New York.

32. That on or about March 24, 2010, and at all times herein mentioned, the aforesaid premises known as the 1st Avenue and 33rd Street Amtrak Ventilation Shaft, in the County of New York, City and State of New York were undergoing construction, renovation and/or rehabilitation.

33. That on or about March 24, 2010, and at all times herein mentioned, defendants, AMTRAK, ROBO and/or AECOM, their agents, servants, employees and/or assigns, managed, maintained, controlled, performed, directed, scheduled, supervised and/or inspected all of the construction, demolition, modernization, repair and/or rehabilitation work being performed upon the aforesaid premises.

34. That on or about March 24, 2010 plaintiff, OMAR VILLALBA, was lawfully performing his skill and labor at the construction, renovation and/or rehabilitation site at the aforesaid premises known as the 1st Avenue and 33rd Street Amtrak Ventilation Shaft, in the County of New York, City and State of New York, while an employee of SKANSKA U.S.A., and was specifically directed to work upon a scaffold/platform approximately 60 feet below the sidewalk level and approximately 25 feet above defendant, AMTRAKS' railroad tracks running in the tunnels below.

35. That on or about March 24, 2010, the aforesaid construction, renovation and/or rehabilitation site at the aforesaid premises was in a dangerous, hazardous and otherwise unsafe condition.

36. That on or about March 24, 2101, said construction, renovation and/or rehabilitation site at the aforesaid premises was

in a dangerous, hazardous and otherwise unsafe condition solely due to the negligence, recklessness and/or carelessness of the named defendants, AMTRAK, ROBO and AECOM, herein.

37. That at all times herein mentioned, defendant, AMTRAK, its servants, agents and/or employees, had a non-delegable duty to provide plaintiff, OMAR VILLALBA with a safe place to work and to use reasonable care and diligence in the management, ownership, maintenance, operation, control, direction, supervision, inspection and/or repair of the aforesaid premises and of any conditions existing thereat while construction, demolition, modernization, repair and/or rehabilitation work was being performed at the aforesaid premises, and at all times to keep said premises in a properly and reasonably safe condition.

38. That at all times herein mentioned, defendant, ROBO, its servants, agents and/or employees, had a non-delegable duty to provide plaintiff, OMAR VILLALBA with a safe place to work and to use reasonable care and diligence in the management, ownership, maintenance, operation, control, direction, supervision inspection and/or repair of the aforesaid premises, and of any conditions existing thereat while construction, demolition, modernization, repair and/or rehabilitation work was being performed at the aforesaid premises and at all times to keep said premises in a properly safe condition.

39. That at all times herein mentioned, defendant, AECOM, its servants, agents and/or employees, had a non-delegable duty to provide plaintiff, OMAR VILLALBA with a safe place to work and to use reasonable care and diligence in the management, ownership,

maintenance, operation, control, direction, supervision, inspection and/or repair of the aforesaid premises and of any conditions existing thereat while construction, demolition, modernization, repair and/or rehabilitation work was being performed at the aforesaid premises, and at all times to keep said premises in a properly and reasonably safe condition.

40. That on or about March 24, 2010, and at all times herein mentioned, plaintiff, OMAR VILLALBA, was caused to sustain serious personal and bodily injuries at the aforesaid construction, renovation and/or rehabilitation site when he was caused to fall through a hole while working upon said elevated platform/scaffold at the construction site, while performing his labor and services for SKANSKA U.S.A., a business entity other than the defendants, AMTRAK, ROBO and AECOM, named herein.

41. That on or about March 24, 2010, plaintiff, OMAR VILLALBA, was caused to be injured while performing his labor and skill on an elevated platform/scaffold and to sustain serious personal bodily injury at said construction, renovation and/or rehabilitation site solely due to the negligence, recklessness and/or carelessness of the named defendants, AMTRAK, ROBO and AECOM, named herein.

42. By reason of the foregoing, plaintiff, OMAR VILLALBA has suffered damages and the damages in this action exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION

43. Plaintiff, OMAR VILLALBA, repeats, reiterates and realleges each and every allegation contained in paragraphs

numbered "1" through and including "42" herein-above with the same force and effect as if more fully set forth at length herein.

44. That on or about March 24, 2010, plaintiff, OMAR VILLALBA, was directed to work and perform his skill, labor and services at the aforesaid construction, renovation and/or rehabilitation site by an agent, servant, employee and/or assign of the defendants, AMTRAK, ROBO and/or AECOM.

45. That on or about March 24, 2010, and at all times herein mentioned, defendants, AMTRAK, ROBO, and/or AECOM failed to provide the plaintiff, OMAR VILLALBA, with proper and adequate protection and equipment, safety devices, railings, scaffolding, planking, decking, harness, belts, ties, scaffolding, nets and the like while he performed his skill, labor and services upon said elevated platform/scaffold at the aforesaid premises known as the 1st Avenue and 33rd Street Amtrak Ventilation Shaft, located in the County of New York, City and State of New York.

46. That on or about March 24, 2010 and at all times herein mentioned, defendants, AMTRAK, ROBO and/or AECOM failed to adequately and properly operate, manage, control, maintain, supervise, oversee, inspect, repair, construct, protect and/or safe-guard the aforesaid construction, renovation and/or rehabilitation site, specifically the aforesaid elevated platform/scaffold area approximately 60 feet below the street level and 25 feet above the defendant, AMTRAK's railroad tracks located at the aforesaid premises and to protect and safeguard the laborers working thereat, specifically the plaintiff herein.

47. That on or about March 24, 2010, and at all times herein

mentioned, it was the non-delegable duty of the defendants, AMTRAK, ROBO and/or AECOM, to adequately and properly operate, manage, control, maintain, supervise, oversee, inspect, repair, construct, protect and/or safe-guard the aforesaid construction, renovation and/or rehabilitation site, specifically the aforesaid elevated platform/scaffold area approximately 60 feet below the street level and 25 feet above the defendant, AMTRAK's railroad tracks located at the aforesaid premises and to protect the laborers working thereat, specifically the plaintiff herein.

48. That on or about March 24, 2010 and at all times herein mentioned, defendants, AMTRAK, ROBO and/or AECOM and/or their agents, servants, licensees, permittees and/or employees were negligent, careless and reckless including but not limited to, in the ownership, maintenance, management, control, direction, supervision, inspection, protection and/or repair of the aforesaid premises; in failing to provide plaintiff, OMAR VILLALBA, with a safe place to work; in failing to provide adequate safety devices or other protective means to prevent the occurrence which was reasonably foreseeable under the circumstances; in carelessly, recklessly and negligently creating a hazard endangering the life and limb of the plaintiff and others lawfully on the premises, specifically the plaintiff OMAR VILLALBA, herein; in failing to provide plaintiff with a properly erected scaffold/platform in order to allow the plaintiff to adequately and safely perform his height related duties and to protect plaintiff from falling; in failing to warn the plaintiff herein of the existence of a defective or inadequate wooden platform decking/scaffold system; in

failing to adequately and properly secure the plaintiff while performing his work related activities at an elevated level; in failing to provide the plaintiff with scaffolding, decking, harnesses, ropes, hoists, stays, ladders, slings, hangars, blocks, pulleys, braces, irons, ropes, belts and/or ties and other devices to be so constructed, placed and operated to give proper protection in order to secure the plaintiff and to prevent plaintiff's fall while performing his duties at an elevated height; in causing and permitting the premises to be, become and remain in an unsafe, improper and dangerous condition; in failing to exercise that degree of care which is reasonably prudent under the circumstances; in failing to recognize the danger in permitting certain equipment to be operated on the wooden platform/scaffold without the adequate and proper bracing and/or support; in the ownership, operation, management, maintenance, control, supervision, inspection and/or repair of the aforesaid platform/scaffold; in causing, allowing and permitting said platform/scaffold at the place above mentioned to be, become and remain for a period of time after notice, either actual or constructive, in a dangerous and/or hazardous condition; in causing, allowing and permitting a trap to exist at said location; in causing, allowing and permitting the platform/scaffold existing at said location to exist in a defective, dangerous, uneven, and hazardous condition, in causing, allowing and permitting the platform/scaffold existing at said location to be in a defective, dangerous, cracked, raised, uneven condition, hole-like condition constituting a tripping hazard and/or trap; in failing to maintain the aforesaid platform/scaffold in a reasonably

safe and proper condition; in causing, allowing and permitting an obstruction to plaintiff's safe passage at said location; in causing, allowing, and permitting the existence of a defective, dangerous, cracked depressed, hole-like and uneven portion of the platform/scaffold at the aforesaid premises to interfere with and prevent plaintiff's safe passage; in causing, allowing and permitting the existence of a condition which constituted a trap, nuisance, menace and danger to persons lawfully at the aforesaid location; in failing to have taken necessary steps and measures to have prevented the above mentioned location from being used while in said dangerous condition; in failing to give plaintiff adequate and timely signal, notice or warning of said condition; in negligently and carelessly causing and permitting the above said platform/scaffold and roadway to be and remain in said condition for an unreasonable length of time, resulting in a hazard to the plaintiff and others; in failing to take suitable and proper precautions for the safety of persons on and using said premises; and in being otherwise negligent and careless in failing to comply with those statutes, ordinances, rules and regulations applicable to said situation; in violation of New York State Labor Law Sections including but not limited to Sections, 200, 240(1) and 241(6), §12NYCRR 23, the Board of Standards and Appeals, the Administrative Code of the City of New York and OSHA rules.

49. By reason of the foregoing, plaintiff, OMAR VILLALBA, was caused to sustain serious bodily injury at the construction, renovation and/or rehabilitation site as stated herein-above while at the aforesaid premises known as the 1st Avenue and 33rd Street

Amtrak Ventilation Shaft, located in the County of New York, City and State of New York solely and proximately by reason of the negligence, recklessness and culpability of the defendants, AMTRAK, ROBO and/or AECOM, herein their agents, servants, employees and/or assigns.

50. By reason of the foregoing, plaintiff, OMAR VILLALBA, has suffered damages and the damages in this action exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

<u>AS AND FOR A THIRD CAUSE OF ACTION</u>

51. Plaintiff, OMAR VILLALBA, repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through and including "50" herein-above with the same force and effect as if more fully set forth at length herein.

52. That on or about March 24, 2010 and at all times herein mentioned, defendants, AMTRAK, ROBO and/or AECOM, failed to provide the plaintiff, OMAR VILLALBA, with the necessary, adequate and properly working safety equipment, including but not limited to a properly constructed platform/scaffold in order for him to safely perform his labor and employment duties at the aforesaid premises.

53. That on or about March 24, 2010 and at all times herein mentioned, defendants, AMTRAK, ROBO and/or AECOM, failed to provide the plaintiff, OMAR VILLALBA, with the necessary, adequate and properly working safety securing devices including but not limited to scaffolding, platform, planking, wooden decking with proper support and bracing, harnesses, ropes, hoists, stays, ladders, slings, hangars, blocks, pulleys, braces, irons, ropes, belts and/

or ties and other devices to be so constructed, placed and operated to give proper protection to the plaintiff herein in order for him to safely perform his labor and height related duties at an elevated height at the aforesaid premises.

54. That on or about March 24, 2010 and at all times herein mentioned, defendants' AMTRAK, ROBO and/or AECOM's, failure to provide the plaintiff, OMAR VILLALBA with the aforesaid proper and adequate safety equipment, was a proximate cause of the incident involving the plaintiff herein and the serious personal bodily injuries he sustained.

55. By reason of the foregoing, plaintiff, OMAR VILLALBA, was caused to sustain serious bodily injury at the construction, renovation and/or rehabilitation site located at the aforesaid premises known as the 1st Avenue and 33rd Street Amtrak Ventilation Shaft, in the County of New York, City and State of New York.

56. By reason of the foregoing, plaintiff, OMAR VILLALBA has suffered damages and the damages in this action exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, JOANNE VILLALBA

57. Plaintiffs, repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "56" hereinabove, with the same force and effect as if more fully set forth at length herein.

58. At all times hereinafter mentioned, plaintiff, JOANNE VILLALBA was and still is the wife and legal spouse of the

plaintiff, OMAR VILLALBA.

59. At all times hereinafter mentioned, plaintiff, JOANNE VILLALBA, was and continues to be entitled to the comfort, enjoyment, society, consortium, services and support of the plaintiff, OMAR VILLALBA.

60. By virtue of the foregoing, plaintiff, JOANNE VILLALBA has been and will continue to be deprived of the comfort, enjoyment, society, consortium, services and support of her lawful spouse, plaintiff, OMAR VILLALBA.

61. By virtue of the foregoing, plaintiff, JOANNE VILLALBA, has suffered damages and the damages in this action exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, plaintiff(s), OMAR VILLALBA and JOANNE VILLALBA, demands judgment against the defendants, ROBO, AMTRAK and AECOM, on the first cause of action, the second cause of action, the third cause of action and the fourth cause of action, in an amount that each exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction together with interest, costs and disbursements of this action.

Dated: Long Island City, New York
April 15, 2011

Very truly yours,
CONSTANTINIDIS & ASSOCIATES, P.C.

By: _____
GUS J. CONSTANTINIDIS, ESQ. (GC-8195)
Attorney(s) for Plaintiff(s)
35-01 30th Avenue-Suite 200
Long Island City, New York 11103
(718) 204-1500

## VERIFICATION

STATE OF NEW YORK)
: ss.:
COUNTY OF QUEENS )

OMAR VILLALBA being duly sworn, deposes and says:

Deponent is the plaintiff in the within action, that deponent has read the foregoing AMENDED SUMMONS & VERIFIED COMPLAINT and knows the contents thereof; the same is true to deponent's own knowledge except to matters therein stated to be alleged on information and belief, and as to those matters deponent believes it to be true. The grounds of deponent's belief as to all matters are based upon deponent's personal knowledge.

_____
OMAR VILLALBA

Sworn to before me this 15TH day of April, 2011.

_Katy P. Liosis_
KATHY P. LIOSIS
Notary Public, State of New York
Qualified in Queens County
No. 01LI6052694
Commission Expires Dec 4, 2013