UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
OMAR VILLALBA and JOANNE VILLALBA,

           Plaintiffs,

     -v.-

ROBO-BREAKING CO., INC., NATIONAL
RAILROAD PASSENGER CORPORATION
d/b/a/ AMTRAK, AECOM USA, INC., f/k/a
DMJM+HARRIS,

           Defendants.
------------------------------------------------------------X
AECOM USA, INC.,

           Third-Party Plaintiff

     -v.-

SKANSKA USA CIVIL NORTHEAST INC., f/k/a
SLATTERY SKANSKA, INC.,

           Third-Party Defendant.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
11-CV-1030 (WFK)(RML)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On October 16, 2015, Defendant and Third-Party Plaintiff Aecom USA, Inc. ("Aecom") filed a motion *in limine* requesting the Court hold Third-Party Defendant Skanska USA Civil Northeast Inc. ("Skanska") liable for indemnification to Aecom. Dkt. 88 ("Mot."). According to Aecom, Skanska must indemnify it as a third-party beneficiary pursuant to an indemnification provision in the operative contract between Skanska and Defendant National Railroad Passenger Corporation d/b/a Amtrak ("Amtrak"). *Id.* at ¶¶ 2, 5-7.

1

The Court assumes the parties' familiarity with the facts. *See, e.g., Villalba v. Robo-Breaking Co., Inc.*, 11-CV-1030, 2014 WL 4829280, at *1-2 (E.D.N.Y. Sept. 29, 2014) (Kuntz, J.) (describing factual background of this action).

## DISCUSSION

### I. Choice of Law Analysis

"In [a] diversity action, the Court applies New York's choice of law rules." *Wallace v. Nat'l R.R. Passenger Corp.*, 5 F. Supp. 3d 452, 476 (S.D.N.Y. 2013) (Nathan, J.) (citation omitted). "In New York, absent fraud or violation of public policy, a court is to apply the law selected in the contract as long as the state selected has sufficient contacts with the transaction." *Id.* (internal quotation marks, brackets, and citation omitted).

Here, the contract between Amtrak and Skanska (the "Operative Contract"), under which Aecom seeks indemnification as a third-party beneficiary, states it "shall be governed and construed in accordance with the laws of the District of Columbia without regards to choice of law considerations." Dkt. 88-1 ("Amtrak/ Skanska Contract") at PDF 80, ¶ 81.1. Skanska has not alleged fraud or violation of public policy. *See* Dkt. 101 ("Opp."). Amtrak is "organized under D.C. law, and it has its principal place of business in the District of Columbia." *See Wallace*, 5 F. Supp. 3d at 476 (citations omitted); *see also* Amtrak/ Skanska Contract at PDF 1; Dkt. 88-2 ("Aecom/Amtrak Contract") at PDF 1. Accordingly, the Court finds these contacts are "sufficient for the Court to enforce the parties' agreement to be governed by D.C. law." *Wallace*, 5 F. Supp. 3d at 476 (citations omitted).

## II. Indemnification Claim Analysis

Aecom argues Skanska owes it indemnification under the Operative Contract because Aecom is an agent of Amtrak and is therefore an intended third-party beneficiary of the indemnification provision in the Operative Contract. Mot. at ¶ 14.

"[A] third party may sue to enforce a contract under District of Columbia law if the contract was intended to benefit that party." *See, e.g., KBI Transp. Servs. v. Med. Transp. Mgmt., Inc.*, 679 F. Supp. 2d 104, 107-08 (D.D.C. 2010) (Kennedy, J.) (citation omitted). "[I]t is well-established that, in order to be deemed a third-party beneficiary of a contract, a plaintiff must demonstrate that the parties to the contract intended to create and did create enforceable contract rights in the third party." *FiberLight, LLC v. Nat'l R.R. Passenger Corp.*, 81 F. Supp. 3d 93, 109 (D.D.C. 2015) (Jackson, J.) (internal quotation marks and citations omitted). "Courts typically look to the contract's language to determine the intent of the contracting parties, and extrinsic evidence may also be considered when the terms of the contract do not expressly resolve the parties' intent." *Id.* (internal citations omitted).

Here, the Operative Contract provides Skanska "agrees to . . . indemnify . . . Amtrak [and] its . . . agents . . . irrespective of any negligence or fault on their part, from and against any and all . . . claims . . . which any of them may hereafter incur, be responsible for or pay as a result of injury or death of any person . . . arising out of or in any degree directly or indirectly caused by or resulting from . . . Work performed by [Skanska]." Amtrak/ Skanska Contract at PDF 69, ¶ 68.1. Under the Operative Contract, the term "Work" is defined as the project "to reconstruct and upgrade the two East River railroad tunnel emergency facilities in the vicinity of the NYU Medical Center (NYUMC) at 33rd Street and 1st Avenue, Manhattan, New York" ("the Project"). *Id.* at PDF 1, ¶ 1. There is no dispute that Plaintiff Omar Villalba's injuries arose from this Work: he fell through a hole in a scaffold on the Project. *See Villalba*, 2014 WL

4829280 at *2 (citations omitted). Further, contrary to Skanska's assertions, the indemnification provision states Skanska will indemnify *any agent* of Amtrak for "all . . . claims . . . which *any of them may* hereafter . . . be responsible for . . . arising out of or *in any degree* directly or indirectly caused by or resulting from" the "Work performed by [Skanska,]" *i.e.* the Project. Amtrak/ Skanska Contract at PDF 69, ¶ 68.1 (emphasis added); *see also* Opp. at 4 (quoting Amtrak/Skanska Contract). The provision was written broadly, and the Court interprets it as such. *See Wallace*, 5 F. Supp. 3d at 481 (citations omitted) (analyzing provision in an Amtrak contract identical to provision at issue in the Amtrak/ Skanska Contract here). The question is whether Aecom qualifies as an "agent" of Amtrak and, therefore, as an intended third-party beneficiary of the Operative Contract.

The contract between Amtrak and Aecom (then known as DMJM+Harris) ("Aecom/Amtrak Contract") identifies Aecom as an agent of Amtrak when Aecom is performing "Safety Responsibilities." Aecom/Amtrak Contract at PDF 30, ¶ 3.1.5. Specifically, the relevant provision states:

> Not withstanding anything to the contrary contained in this Contract, for purposes of [this Section], [Aecom] shall act as Amtrak's agent with respect to [Aecom]'s Safety Responsibilities under the Contract. For all other responsibilities and obligations of [Aecom] under the Contract, [Aecom] shall act as an independent contractor.

*Id.* This Court previously found Aecom acted as a safety monitor for Amtrak, with power to monitor construction activities, make recommendations, and stop construction in the event it perceived a safety issue that presented an immediate danger. *Villalba*, 2014 WL 4829280 at *2 (citations omitted). The Court further finds Plaintiffs Omar Villalba and Joanne Villalba are suing Aecom pursuant to New York State Labor Law § 200 for Aecom's failure to perform its "Safety Responsibilities." *See id.* at *9; *see also* Aecom/Amtrak Contract at PDF 22, ¶ 1.4

4

(noting Project Safety includes a requirement to abide by all New York State laws). The Court therefore finds Aecom was acting as Amtrak's agent for purposes of this action.

The Court concludes from the language of the Operative Contract that Aecom, as an "agent" of Amtrak, was an intended third-party beneficiary of the indemnification clause because the clause specifically identifies the intended beneficiaries as including agents of Amtrak. *See Woodfield v. Providence Hosp.*, 779 A.2d 933, 937 (D.C. 2001) (finding intended third-party beneficiaries to include all general classes identified in contract); *A.S. Johnson Co. v. Atl. Masonry Co.*, 693 A.2d 1117, 1122 (D.C. 1997) (finding an intended third-party beneficiary from the plain language of an indemnification clause which stated individual would indemnify "other contractors and subcontractors"). Accordingly, Skanska owes indemnification to Aecom, an agent of Amtrak, for Plaintiff Omar Villalba's and Plaintiff Joanne Villalba's injuries because those injuries arose from the Project.

This determination is unchanged by any jury finding of negligence on the part of Aecom. "Under D.C. law, one contracting party may indemnify another for harm resulting from the latter's negligence, as long as the parties' intention to do so is clearly expressed." *Wallace*, 5 F. Supp. 3d at 481 (citation omitted). "The District of Columbia Court of Appeals has repeatedly held that broadly worded indemnification clauses, similar to the one in this case, are sufficiently clear to cover negligence claims." *Id.* (citations omitted) (analyzing provision in an Amtrak contract identical to provision at issue in the Operative Contract here). Indeed, the indemnity provision in the Operative Contract specifically provides it applies "irrespective of any negligence or fault on the[] part" of Amtrak or any of its agents, such as Aecom. Amtrak/Skanska Contract at PDF 69, ¶ 68.1; *see also Wallace*, 5 F. Supp. 3d at 481 (analyzing identical

provision). Accordingly, the Court finds that Skanska must indemnify Aecom for any and all damages assessed against Aecom and owed to Plaintiffs in the instant action.

## CONCLUSION

For the reasons set forth above, the motion *in limine* of Third-Party Plaintiff Aecom USA, Inc. is GRANTED in its entirety.

**SO ORDERED.**

s/WFK

HON. WILLIAM F. KUNTZ, II
United States District Judge

Dated: October 27, 2015
      Brooklyn, New York